UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ANTHONY MOORE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | 11-12248-FDS |
| THOMAS DICKHAUT, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER
## ON RESPONDENT'S MOTION TO DISMISS

**SAYLOR, J.**

This is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 by a person in state custody. Petitioner Anthony Moore was convicted of unarmed robbery in Massachusetts Superior Court on December 7, 2006. He was sentenced to thirteen years and one day in state prison. He now seeks habeas relief pursuant to 28 U.S.C. § 2254.

Respondent Thomas Dickhaut has moved to dismiss the petition, contending that petitioner failed to exhaust his available state remedies as to one of the three claims contained in the petition. For the reasons set forth below, petitioner will be allowed to elect whether to dismiss the unexhausted claim without prejudice and proceed on the merits of the exhausted claims, or to accept dismissal of the entire petition.

### I.  Factual Background

#### A.  State Court Proceedings

Petitioner was convicted by a jury on December 7, 2006, in Suffolk County Superior Court on a charge of unarmed robbery. Petitioner appealed his conviction to the Massachusetts

Appeals Court. On appeal, he raised the following three arguments: (1) that the trial court should have granted his motion to suppress evidence because the police lacked a reasonable basis to believe that he was armed and dangerous under *Terry v. Ohio*, 392 U.S. 1 (1968), and that the subsequent search exceeded its proper scope under *Terry*; (2) that the trial court should have granted his motion to suppress identifications because the identifications were the product of unnecessarily suggestive procedures; and (3) that he was deprived of effective assistance of counsel at trial. (Brief and Appendix for the Defendant-Appellant at ii, *Commonwealth v. Moore*, 2009 WL 1614408 at *ii). On July 15, 2010, the Appeals Court affirmed the conviction in an unpublished decision. *Commonwealth v. Moore*, 77 Mass. App. Ct. 1110 (2010).

Petitioner then filed an Application for Leave to Obtain Further Appellate Review ("ALOFAR") with the Massachusetts Supreme Judicial Court. In his ALOFAR, petitioner raised the following three arguments: (1) that the trial court should have granted his motion to suppress evidence because the police lacked a reasonable basis to believe that he was armed and dangerous under *Terry*; (2) that the trial court should have granted his motion to suppress evidence because the police search of his person exceeded its proper scope under *Terry*; and (3) that the trial court should have granted his motion to suppress identifications because the identifications were unnecessarily suggestive. (Defendant-Appellant's Application for Further Appellate Review at 17, *Commonwealth v. Moore*, 458 Mass. 1104 (2010)). The Supreme Judicial Court denied petitioner's ALOFAR on September 16, 2010. *Commonwealth v. Moore*, 458 Mass. 1104 (2010). Petitioner did not file an application for state post-conviction or other collateral review, such as a motion for a new trial.

### B. Federal Proceedings

On December 16, 2011, petitioner filed the present petition for a writ of habeas corpus. The petition raises the following three grounds for review: (1) that the police lacked reasonable suspicion to conduct the *Terry* stop and exceeded the lawful scope of a *Terry* search in violation of the Fourth and Fourteenth Amendments; (2) that the identification procedures used to identify him were unduly suggestive and therefore violated the Fourth and Fourteenth Amendments of the United States Constitution; and (3) that he received ineffective assistance from defense counsel in violation of the Sixth Amendment of the United States Constitution.[1]

Respondent has moved to dismiss the petition, alleging that petitioner failed to exhaust his state court remedies as to each of his claims before filing the petition in this Court. Specifically, respondent contends that Ground Three of the habeas petition, regarding ineffective assistance of counsel, is not exhausted because petitioner did not present that ground in his ALOFAR to the Supreme Judicial Court.

### III. Analysis

#### A. Exhaustion of Claims

A federal court may not consider a petition for a writ of habeas corpus filed by a person in state custody unless the petitioner has exhausted his state court remedies with respect to all claims raised in his application. *See* 28 U.S.C. § 2254(b)(1); *see also Rose v. Lundy*, 455 U.S. 509, 518 (1982). It is the petitioner's burden to demonstrate that all claims asserted in his

---

[1] The petition described the first ground for habeas corpus relief and stated specific facts to support that ground. The petition failed, however, to describe his second and third grounds for habeas corpus relief, and instead listed only the specific facts supporting those grounds. The first ground is listed here as described in the petition. The second and third grounds listed here summarize the facts supporting the second and third grounds in the manner most consistent with petitioner's previous appellate arguments.

3

petition are exhausted. *Barresi v. Maloney*, 296 F.3d 48, 51 (1st Cir. 2002). In order to satisfy the exhaustion requirement, a petitioner must establish that both the factual and legal bases of his federal claim were "fairly and recognizably presented to the state courts." *Adelson v. DiPaola*, 131 F.3d 259, 262 (1st Cir. 1997) (citing *Picard v. Connor*, 404 U.S. 270, 276-77 (1971)). Where a "state's highest court offers discretionary review, a petitioner must present that court with the opportunity to review the federal claim to have exhausted state remedies." *Josselyn v. Dennehy*, 475 F.3d 1, 3 (1st Cir. 2007) (citing *Baldwin v. Reese*, 541 U.S. 27, 29 (2004)); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 847 (1999) (to exhaust a claim, a petitioner must present the substance of the claim to the state's highest tribunal). In petitions arising from Massachusetts state court decisions, a petitioner must raise an appealed issue to the Supreme Judicial Court within "the four corners of the ALOFAR" in order for the issue to be "fairly presented" for exhaustion purposes. *Mele v. Fitchburg*, 850 F.2d 817, 820 (1st Cir. 1988).

Here, petitioner has not exhausted his state court remedies as to each of the grounds raised in his petition. 28 U.S.C. § 2254(b)(1). To the Massachusetts Appeals Court, he raised a search issue, an identification issue, and an ineffective-assistance-of-counsel issue. To the Supreme Judicial Court, however, he bifurcated the search issue, included the identification issue, and omitted the ineffective-assistance-of-counsel issue.

As to Ground One of the present petition (the search issue) and Ground Two (the identification issue), petitioner raised the factual and legal bases of these issues to both the Appeals Court and the Supreme Judicial Court. *Adelson*, 131 F.3d at 262. Therefore, those grounds were "fairly presented" to the state courts for review, and petitioner has properly

exhausted his state court remedies as to both.  *Baldwin*, 541 U.S. at 29; *Josselyn*, 475 F.3d at 3; *Mele*, 850 F.2d at 820 (describing appropriate state appellate procedures).

Ground Three, however, was not raised in the Supreme Judicial Court, within the "four corners of the ALOFAR" or otherwise.  *See Mele*, 850 F.2d at 823.  Because he failed to raise that claim in the Supreme Judicial Court, it was not "fairly and recognizably presented" to that court, and he has not exhausted his state court remedies with regard to that claim.  *See Adelson*, 131 F.3d at 262; *Rose*, 455 U.S. at 520 ("[Section] 2254[] provides a simple and clear instruction to potential litigants:  before you bring any claims to federal court, be sure that you first have taken each one to state court.").  Accordingly, petitioner has not exhausted his state court remedies as to each of the grounds in his petition, as the statute requires.  28 U.S.C. § 2254(b)(1).

B.  **Requirements for Mixed Petitions**

Respondent has moved to dismiss the petition in its entirety for failure to exhaust state court remedies.  Generally, if a petitioner files a "mixed petition" that includes both exhausted and unexhausted claims, a federal court may (1) dismiss the petition in its entirety, (2) allow the petitioner to dismiss the unexhausted claims and proceed with the exhausted claims, or (3) stay the petition until the petitioner returns to state court to exhaust his previously unexhausted claims.  *Rhines v. Weber*, 544 U.S. 269, 265-66 (2005); *see also Rose*, 455 U.S. at 515, 520; *Neverson v. Farquharson*, 366 F.3d 32, 42 (1st Cir. 2004).[2]  A court may exercise this third

---

[2] Petitioner should be aware that filing of his federal habeas petition did not toll any applicable limitations periods under Massachusetts law, and, therefore, he may now be barred from raising the unexhausted claims in state court because the appeals deadlines may have passed.

Petitioner should also be aware that the filing of his federal habeas petition did not toll the running of the one-year limitations period contained in 28 U.S.C. § 2244(d).  *See Neverson*, 366 F.3d at 38.  Accordingly, any successive petition that he attempts to file in this Court (for example, after attempting to exhaust his state remedies)

option to stay resolution of the exhausted claims and hold the petition in abeyance only "in limited circumstances." *Rhines*, 544 U.S. at 278.  Specifically, a court may do so only if the petitioner "had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.*; *see also Clements v. Maloney*, 485 F.3d 158, 169 (1st Cir. 2007).  A petitioner's intentional decision to omit claims from an ALOFAR does not amount to good cause under *Rhines*.  *Clements*, 485 F.3d at 170.  Similarly, neither ineffective assistance of appellate counsel, nor a litigant's *pro se* status, will support a finding of good cause in the habeas context.  *Sullivan v. Saba*, 840 F. Supp. 2d 429, 437 (D. Mass. 2012).  "[L]ack of good cause means that . . . [a petitioner] cannot take advantage of 'stay and abeyance' procedure" under *Rhines*.  *Clements*, 485 F.3d at 171.

Here, the petition is not eligible for a stay because petitioner has not demonstrated good cause for his failure to exhaust.  *Rhines*, 544 U.S. at 265-66; *id.* at 169.  Absent good cause, petitioner cannot take advantage of the stay procedures as described in *Rhines*.  *Clements*, 485 F.3d at 171.  For this reason, the Court declines to stay the petition.  *Rhines*, 544 U.S. at 278.

Petitioner may elect to dismiss his unexhausted ineffective-assistance-of-counsel claim (Ground Three) and proceed with the exhausted search and identification issues (Grounds One and Two).  Respondent's motion to dismiss the petition will be granted unless, within 30 days of the date of this order, petitioner files a request to dismiss the unexhausted claim and proceed on the merits of the two exhausted claims.

---

may be barred as untimely.

**IV.     Conclusion**

For the foregoing reasons, respondent's motion to dismiss the petition will be granted unless, within 30 days of the date of this order, petitioner files a request to dismiss the unexhausted claim in his petition and proceed on the merits of the two exhausted claims.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated:  October 2, 2012