**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ANTHONY MOORE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | ) |
| THOMAS DICKHAUT, | ) |
| | ) |
| Respondent. | ) |

Civil Action No.
11-12248-FDS

**MEMORANDUM AND ORDER ON PETITION**
**FOR HABEAS CORPUS**

SAYLOR, J.

     This is a petition for a writ of habeas corpus by a person in state custody.  Petitioner

Anthony Moore was convicted of unarmed robbery in Massachusetts Superior Court on

December 7, 2006.  He was sentenced to thirteen years and one day in state prison.  He now

seeks habeas relief pursuant to 28 U.S.C. § 2254.  For the reasons set forth below, the petition

will be denied.

**I.**    **Background**

    **A.**    **Factual Background**

     On December 9, 2005, at the Sovereign Bank on Causeway Street in Boston, a man

showed bank teller Judy Lee a note demanding $3,000.  She gave him the money, and he left.

Lee later described the robber as a black male with a goatee and a scar to the left of his mouth

who was wearing a camouflage baseball cap.  Another teller, Sharmeen Kahn, saw the man and

remembered that she had seen the man a few weeks before at the bank.  Another employee,

Jeffrey Burnham, later reviewed the surveillance video of the robbery and recognized the robber

as having previously come to the bank.

On December 22, 2005, Jason Costello, an agent with the FBI Bank Robbery Task Force, received reports from employees at two other branches of Sovereign Bank in downtown Boston. The report indicated that a black male who fit the description of the December 9 robber was acting suspiciously.  Witnesses described him as wearing a beige Red Sox cap and Adidas boots with stripes and having a small scar on his face.  Costello and State Police Lieutenant Allen Zani went to a nearby homeless shelter and saw Moore, who fit that description.  Costello and Zani asked to speak with Moore, identified themselves, and asked whether he had any weapons. Moore responded that he had scissors, and Costello and Zani decided to frisk him.  His pockets were filled with objects, among which they found a marijuana cigarette and pieces of toilet paper, written on which were the words "Count $3,000 No Dye Pack i Have a Gun."  The agents arrested Moore for possession of marijuana.

On December 27, 2005, FBI agents showed the bank witnesses a photo array that included Moore, who was the only person in the array with a facial scar.  Lee did not identify Moore at the time; Kahn and Burnham did.

On March 2, 2006, Lee, Kahn, and Burnham viewed a lineup.  All three identified Moore, who again was the only person with a facial scar.  Between the time of the photo array and the lineup, Lee, Kahn, and Burnham discussed the robbery and the photo array.

**B.**     **State Proceedings**

On August 29, 2006, prior to trial, Moore moved to suppress certain evidence and to suppress identification.  The state-court judge denied those motions.

On December 7, 2006, a jury convicted Moore in Superior Court on the charge of

unarmed robbery.  Petitioner appealed his conviction to the Massachusetts Appeals Court.  The appeal raised three arguments:  (1) that the trial court should have granted his motion to suppress because the police lacked a reasonable basis to believe that petitioner was armed and dangerous under *Terry v. Ohio*, 392 U.S. 1 (1968), and that the subsequent search exceeded its proper scope under *Terry*; (2) that the trial court should have granted his motion to suppress the identifications because the identifications were the product of unnecessarily suggestive procedures; and (3) that the petitioner was deprived of effective assistance of counsel at trial.  On July 15, 2010, the Appeals Court affirmed petitioner's conviction.  *Commonwealth v. Moore*, 77 Mass. App. Ct. 1110 (2010) (unpublished).

Petitioner then filed an Application for Leave to Obtain Further Appellate Review ("ALOFAR") with the Supreme Judicial Court, presenting three arguments:  (1) that the trial court should have granted his motion to suppress because the police lacked a reasonable basis to believe that petitioner was armed and dangerous under *Terry*; (2) that the trial court should have granted his motion to suppress evidence because the police search of petitioner exceeded its proper scope under *Terry*; and (3) that the trial court should have granted his motion to suppress the identifications because the identifications were the product of unnecessarily suggestive procedures.  The Supreme Judicial Court denied leave to appeal on September 16, 2010. *Commonwealth v. Moore*, 458 Mass. 1104 (2010).  Petitioner did not file an application for state post-conviction or other collateral review.

C.     **Federal Proceedings**

On December 16, 2011, petitioner filed a petition for a writ of habeas corpus.  He asserted three grounds for relief:  (1) that the police lacked reasonable suspicion to conduct a

*Terry* stop and exceeded the lawful scope of a *Terry* search, in violation of the Fourth and

Fourteenth Amendments; (2) that the procedures used to identify the petitioner were unduly

suggestive, in violation of the Fourth and Fourteenth Amendments; and (3) that petitioner

received ineffective assistance of trial counsel, in violation of the Sixth Amendment.

On May 15, 2012, respondent moved to dismiss the petition, alleging that petitioner

failed to exhaust his state-court remedies as to all of his claims before filing the petition in this

Court.  This Court determined that petitioner had exhausted his state court remedies as to

Grounds One and Two but not as to Ground Three, and ruled that petitioner could elect to

dismiss the unexhausted claim and proceed as to the remaining claims.  Pursuant to the Court's

order, petitioner filed a motion requesting that this Court dismiss Ground Three and proceed

with review of the exhausted claims.  On October 30, 2012, this Court granted petitioner's

motion, and accordingly, on November 29, 2012, granted in part and denied in part respondent's

motion to dismiss.

## II.   <u>Standard of Review</u>

Federal habeas review of a claim previously adjudicated on the merits by the state courts

is both limited and highly deferential.  *Harrington v. Richter*, —— U.S. ——, 131 S.Ct. 770, 780

(2011); *Renico v. Lett*, 559 U.S. 766, 773 (2010); *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002).

If the state court did not decide a claim on the merits, review by a federal court is *de novo*.

*Clements v. Clarke*, 592 F.3d 45, 52 (1st Cir. 2010).  But if the state court adjudicated a claim on

the merits, then a federal court may not grant a petition unless the state court's decision was

"contrary to, or involved an unreasonable application of, clearly established Federal law, as

determined by the Supreme Court of the United States."  28 U.S.C. § 2254(d)(1).  Petitioner

bears the burden of showing that the state court decision was contrary to or involved an unreasonable application of clearly established law. *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011) (citing *Woodford*, 537 U.S. at 25).

## III.   Analysis

The parties agree that the Supreme Court's decision in *Stone v. Powell*, 428 U.S. 465 (1976), precludes federal habeas review of Ground One, which asserts a Fourth Amendment violation.  The sole remaining inquiry, therefore, is whether the identification proceedings were impermissibly suggestive because petitioner was the only person with a facial scar in the photo array and lineup.

The initial question is whether the state court decided petitioner's claim on the merits, which affects the standard of review.[1]  "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Richter*, 131 S. Ct. at 784-85.  The state court, however, need not issue an opinion explaining its reasoning, because "AEDPA's trigger for deferential review is adjudication, not explanation." *Clements v. Clarke*, 592 F.3d 45, 55 (1st Cir. 2010); *see also Richter*, 131 S. Ct. at 784 (advising that a state court need not explain its reasoning).

Here, the state court addressed on the merits the issue of whether the identification was impermissibly suggestive.  Petitioner had presented the issue in federal constitutional terms at the suppression hearing and on appeal.  The courts cited to federal cases, as well as to state cases

---

[1] Because the Supreme Judicial Court denied petitioner's ALOFAR for further without comment, this Court must "look through" that decision to the last reasoned state-court decision, which is the opinion of the Massachusetts Appeals Court.  *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991).

that incorporate clearly established federal law on proper identification procedures.  *See Hodge v. Mendonsa*, 739 F.3d 34, 41 (1st Cir. 2013) ("[A] state court may decide a federal constitutional claim 'by reference to state court decisions dealing with federal constitutional issues.'" (*quoting DiBenedetto v. Hall*, 272 F.3d 1, 6 (1st Cir.2001)).  Accordingly, the Appeals Court's decision as to the identification issue will be granted deferential review.

Supreme Court precedent holds that, in determining whether an identification violated due process requirements, a court must determine whether, based on the totality of the circumstances, the procedures were impermissibly suggestive.  *Neil v. Biggers*, 409 U.S. 188, 196 (1967).  The Appeals Court considered the circumstances of the identifications, including the fact that defendant was the only person with a scar.  It then determined based on "the totality of the circumstances" that the procedures were not "so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification."  *Moore*, 77 Mass. App. Ct. at *2 (internal quotation and citations omitted).  That determination is a reasonable application of, and not contrary to, clearly established federal law.

Accordingly, petitioner's claim that the denial of his motion to suppress violated his due process rights is without merit, and his petition will be denied.

**IV.**    **Conclusion**

For the foregoing reasons, the petition for habeas corpus is DENIED.

**So Ordered.**

                                            /s/ F. Dennis Saylor
                                            F. Dennis Saylor IV
Dated: March 10, 2014                       United States District Judge

6